Jddge LogaN
delivered the opinion of the court.
This was an action of covenant on an article of agreement entered into on the 10th day of September, 1808, in which Holernan, the appellant, covenanted, in consideration of a certain horse purchased from the appellee, that he would pay to him $600, $30 thereof in good trade, and the residue in a certain tract of land containing 114 acres, at $5 per acre, which he would cause to be conveyed by James L. Hickman with a a good and sufficient title, with *297 general warranty, and that if any part thereof should bá lost, that he would be So far responsible for Henderson, that if he failed to maintain the right to the land, and should prove uitable to pay for it, that he would pay to Coleman $570 with interest from that date, in good farming land, lying in Harrison county, or in other good property.
An obl'-'or to make °a and uf'k.d" is not absolví «A bom his ⅞⅛"by deed* "with p-oper cove-]>e d'er;¿f,s t;_ tie fi- >m gov-ermnent; and L’^eiving!^8 such deed inspec-g00d,
The declaration recites the article and Sets forth the substance of the covenant, and then assigns as breaches, that Holeman did not cause the said Henderson to convey the said land with a good arid sufficient title, with general warranty, with other breaches not necessary to be noticed.
The defendant in that court plead, that he had procured from Henderson a conveyance of said land to the plaintiff, with good and sufficient title with general warranty, according to the tenor and effect of the said writing. Upon this plea an issue was joined, and a verdict and judgment rendered for more than the damages laid in the writ or declaration.
The first error assigned, questions the sufficiency of the declaration and the assignment of breaches.
This objection has, in substance, been already answered. The declaration is conformable to the article, avers the co-venantj and properly assigns the breaches in the non-performance thereof. So that, under the plea, the question whether a deed of conveyance had been executed agreeably to the contract, was properly in issue.
In support of this plea, a writing, purporting to be such a deed, was produced and offered in evidence. Whether that writing was proper evidence, and the instruction of the court given upon its effect, was correct, form the next question for the determination of this court.
The deed was from Henderson to Coleman for the land described in the article of agreement. But there was no evidence of Coleman’s having accepted it, otherwise than for the purpose of satisfying himself with regard to its description of the land, and the right of Henderson to con-vev; as it did not appear that Henderson had a right derived from any patent.
The court, upon this State of the Case, instructed the jury, that if they were of opinion that Coleman did not receive the deed in discharge of the covenant, the mere acceptance for another purpose, was not sufficient evidence to support the issue. And that although the appellant had procured Henderson to execute a deed, that unless it was *298 shewn, moreover, that Henderson had a title regularly deduced from tbe commonwealth, that Coleman was not bound to receive it.
Aforefthe suit” does not pre-the'natae of the obligee, unless the assignment is renord.0n ^
If the jury, find more arFTaicflri the writ, and the court low we term ot trial, correct it, it is not error.
Bibb for appellant, Hardin for appellee.
The issue between the parties was simply this — did Han-derson, according to the covenant, execute a deed of conveyance with a good and sufficient title? A title consists in having a right derived from tbe government; and if not thus derived, it cannot be a good and sufficient title. It devolved-on the appellant to shew, not only that he had given a deed, but that it was a deed with a good and sufficient title. Such was the covenant. And to shew the execution a deed with such a title, a patent from the common* health for the land, with conveyances down to the grantee, was indispensable.
I *3 abo objected that the article had been assigned to á third person before the commencement of this suit, and that the appellee had therefore no right to this action,
This objection comes too late. The fact it alledges is n0* ProPerty exhibited. It forms no part of the record, and cannot be judicially noticed by this court. There was no nor plea or motion, in relation to it, ⅛ the court be!oWi
Another, and tbe only other error assigned is, that the was for more than the damages laid either in the or declaration.
This was corrected by tbe court during tbe same term<
The judgment must be affirmed with cost and damages.